IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20906
Summary Calendar
_____

K. ARTIS EWING,

                                        Plaintiff-Appellant,

versus

JAMES A. COLLINS ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-93-CV-1986
- - - - - - - - - - -

March 16, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    K. Artis Ewing (Texas prisoner #366466) appeals several
rulings of the magistrate judge in his suit brought under 42
U.S.C. § 1983.  The magistrate judge's rulings are contained in
two interlocutory orders.  The first interlocutory order was
entered on November 12, 1996.  The second interlocutory order was
entered on September 30, 1997.  Ewing has also filed a motion for
the appointment of counsel on appeal and a "Second Motion of
Objection to Records Designated," which is construed as a motion

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to supplement the record on appeal.

After reviewing the record and the briefs of the parties, we conclude that we lack jurisdiction over all of the magistrate judge's rulings that Ewing challenges, except for the magistrate judge's denial of Ewing's motion for the appointment of counsel. Ewing's notice of appeal, filed in October 1997, was not timely as to the magistrate judge's order of November 12, 1996. See Fed. R. App. P. 4(a)(1)(A). Thus, we lack jurisdiction to review the rulings made in that order.

Ewing's notice of appeal was timely as to the magistrate judge's order of September 30, 1997. However, the only ruling in that order over which we have jurisdiction is the magistrate judge's denial of Ewing's motion for the appointment of counsel. See Robbins v. Maggio, 750 F.2d 405, 413 (5th Cir. 1985) (interlocutory order denying the appointment of counsel to an indigent plaintiff in a civil rights action is immediately appealable). Our review of the district court docket sheet indicates that the magistrate judge appointed counsel for Ewing on April 24, 1998, during the pendency of his appeal. Thus, Ewing's argument regarding the denial of his motion for the appointment of counsel has become moot.

We lack jurisdiction to review the remaining rulings in the magistrate judge's September 1997 order because they are not the type of rulings which are immediately appealable absent a final decision in the case. See 28 U.S.C. §§ 1291, 1292; Marler v. Adonis Health Products, 997 F.2d 1141, 1143 (5th Cir. 1993) (discussing collateral order doctrine). Two of the magistrate

judge's rulings in the September 1997 order--the denial of Ewing's motion for a temporary restraining order and the denial of his motion requesting an order requiring Wayne Scott to show cause why a protective order or a preliminary injunction should not issue--arguably are appealable as orders denying injunctive relief. See 28 U.S.C. § 1292(a)(1). Appellee Scott concedes as much in his letter brief.

Although an order denying an injunction is immediately appealable, see § 1292(a)(1), an order denying an application for a temporary restraining order is not. See In re Lieb, 915 F.2d 180, 183 (5th Cir. 1990). Because the magistrate judge denied both motions without any type of hearing, the magistrate judge's ruling on both of those motions is more appropriately characterized as the denial of a motion for a temporary restraining order, rather than as the denial of a motion for a preliminary injunction. See Belo Broadcasting Corp. v. Clark, 654 F.2d 423, 426 (5th Cir. 1981)(in determining proper characterization of the denial of "a so-called temporary restraining order," central inquiry goes to nature and scope of hearing that precedes denial of the motion); cf. Dilworth v. Riner, 343 F.2d 226, 229 (5th Cir. 1965)(order denying temporary restraining order properly treated as an appealable order denying a preliminary injunction because order was made after a full-scale hearing). Because the magistrate judge's ruling is more appropriately characterized as the denial of a motion for a temporary restraining order, the ruling is not immediately appealable. See In re Lieb, 915 F.2d at 183.

The only ruling of the magistrate judge over which we have jurisdiction is the denial of Ewing's motion for the appointment of counsel. That ruling, however, is now moot. Accordingly, we DISMISS Ewing's appeal as moot. Ewing's motion for the appointment of counsel and his motion to supplement the record are also DENIED as moot.

MOTIONS DENIED AS MOOT; APPEAL DISMISSED AS MOOT.